# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

FREDERICK BANKS and KENNETH : 
POSNER, :
 :
      Plaintiffs, :
 :
 :
      v. : Civ. No. 15-088-LPS
 :
NEW YORK POLICE DEPARTMENT, :
et al., :
 :
      Defendants. :

Frederick Banks, Pittsburgh, Pennsylvania, Pro Se Plaintiff.

Kenneth Posner, Verona, New Jersey, Pro Se Plaintiff.

## MEMORANDUM OPINION

February 4, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs Frederick Banks ("Banks") and Kenneth Poster ("Posner") (together "Plaintiffs"), filed this action on January 26, 2015. (D.I. 2) Plaintiffs appear *pro se*. Banks filed a motion for leave to proceed *in forma pauperis*, but Posner did not. (D.I. 1) Nor did Posner pay the filing fee. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

Banks resides in Pennsylvania. He is a frequent and vexatious litigant. *See Banks v. Unknown Named Number of U.S. Postal Inspectors*, 2013 WL 5945786, at *5 (W.D. Pa. Nov. 6, 2013) (discussing Banks' litigious behavior). On November 6, 2013, the United States District Court for the Western District of Pennsylvania ("Pennsylvania District Court") ordered,

> that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis*. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Id.* at *1.

On January 26, 2015 Banks filed the instant complaint titled as an "indictment and petition for a writ of mandamus complaint". (D.I. 2) The complaint contains five counts and is identical to a complaint Banks and Posner filed on January 14, 2015 in the United States District Court for the Western District of Pennsylvania, *Banks v. NYPD*, Civ. No. 15-054, at D.I. 2 (W.D. Pa. Jan. 14,

1

2015), with the exception that Plaintiffs did not name as defendants U.S. Senators and members of Congress. On January 16, 2015, the complaint was screened pursuant to the provisions of § 1915(e)(2), and a United States Magistrate Judge issued a Report and Recommendation that Plaintiffs be denied leave to proceed *in forma pauperis* and that the case be closed. *See id.* at D.I. 3. Banks has filed an objection to the Report and Recommendation. *See id.* at D.I. 4.

The Pennsylvania District Court found that (1) Plaintiffs lack authority and standing to bring the charges in Counts 1 and 2 and their attempt to do so is both frivolous and malicious; (2) the "incredible allegations" in Count 4 are similar to those asserted by Banks in Civ. No. 13-1198 and other civil actions he filed which resulted in issuance of the Pennsylvania District Court's November 6, 2013 order; (3) Banks' motion to proceed *in forma pauperis* is defective given that it does not comply with the certification process as ordered by the Pennsylvania District Court; and (4) Posner is a "straw party" used by Banks to circumvent the Pennsylvania District Court's November 6, 2013 order.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceeds *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent

2

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. United States Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. Oct. 31, 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff", *Daley v. United States Dist. Court Dist. of Del.*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd*, 383 F. App'x 178 (3d Cir. June 7, 2010), or where the complaint "is plainly abusive of the judicial process", *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

## IV. DISCUSSION

The granting of an application to proceed *in forma pauperis* is committed to the sound discretion of a district court. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123 (3d Cir. Sept. 4, 2013). A party need not be destitute to warrant *in forma pauperis* status. *See Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 339 (1948). Indeed, the status is a privilege rather than a right. *See White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998); *see also Shahin, supra*. The Court finds that Plaintiffs,

3

and in particular Banks, initiated this action in an attempt to circumvent the certification process set forth in the November 6, 2013 order entered in the Pennsylvania District Court. Further, a review of the instant complaint discloses no legitimate purpose for its filing in this District, given that there is an identical action pending in the Western District of Pennsylvania against the same defendants. Therefore, the Court will deny Banks' motion to proceed *in forma pauperis*. In addition, the Court concurs with the Pennsylvania District Court's analysis of this complaint and will dismiss the complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

V.  **CONCLUSION**

For the above reasons, the Court will deny Banks' motion for leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and malicious. The Court finds amendment is futile.

An appropriate order will be entered.